In the Matter of DRAKE BUSINESS SCHOOLS CORPORATION, Respondent-Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION et al., Appellants-Respondents.

Third Department, January 18, 1990

122

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Leslie B. Neustadt* of counsel), for appellants-respondents.

*Tashlik & Kreutzer (Robert H. Kreutzer* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CASEY, J. P.

Petitioner is a business school owner and operator, registered pursuant to Education Law § 5002. In 1986, respondent Department of Audit and Control conducted an audit of payments made to petitioner under the Tuition Assistance Program (hereinafter TAP) for the years 1980 through 1985. Based on this audit, respondent Comptroller issued a report to respondent Commissioner of Education (hereinafter the Commissioner) and to respondent Higher Education Services Corporation (hereinafter HESC) in which it was stated that petitioner incorrectly certified eligibility for TAP awards as to the two categories at issue on this appeal. These two categories are petitioner's certification of its students in its summer programs and its certification of partial TAP awards. The Comptroller's report concluded that petitioner should be disallowed the amount of $676,261 as improperly certified for both

categories. HESC demanded petitioner refund that amount. When petitioner's request for a hearing was denied, it commenced this CPLR article 78 proceeding to challenge the determination. Supreme Court granted the petition with respect to the disallowance of summer TAP awards and dismissed the petition with respect to partial TAP awards. Cross appeals resulted from the judgment of Supreme Court.

Petitioner has been determined by HESC to be eligible for TAP awards for its students enrolled full time in two-year programs (see, Education Law § 601 [4]). At the time in question here, the annual maximum award was $2,200[1] for each student (see, Education Law § 667 [4] [1] [a] [i] [3]). The amount of the award is paid on a prorated basis for each semester, quarter or other term of attendance during the academic year (Education Law § 665 [1]). The academic year is statutorily defined as the regular school year beginning July 1 and ending June 30 (Education Law § 651 [5]). Petitioner does not operate on a semester or quarter of a year basis. Its yearly operation, which has been approved by HESC, consists of "flexterms" to accommodate its multiple starting dates. A "flexterm" is a term of four months of continuous study during the academic year. Petitioner's academic year contains three "flexterms"; the fall term consists of the months of November, December, January and February; the spring term consists of the months of March, April, May and June; and the summer term consists of the months of July, August, September and October. All three "flexterms" are agreed to be alike in content, courses of study and other requirements. 8 NYCRR 145-2.1 (b) and (c) made each "flexterm" equivalent to a semester at a traditional collegiate institution for the purpose of payment of TAP awards. The only exception to the rule involving TAP awards relates to a student's enrollment in accelerated study. In relation to accelerated study, Education Law § 665 (former [2]) (a)[2] provided pertinently at the time that, "If the student enrolls in full time *accelerated summer study * * * beyond the regular program of study for the academic year, an additional award* shall be made for each such summer period of study on the basis of an equivalent full semester, quarter, or term of attendance during the regular academic year" (emphasis supplied).

---

1. The maximum was increased to $2,700 beginning with the 1984-1985 academic year.

2. Education Law § 665 (2) was amended effective July 1, 1989 whereby the word "summer" was deleted from its provisions (L 1988, ch 589).

The Commissioner established regulations defining accelerated summer study. 8 NYCRR 145-2.9 (a) provides, "To be eligible to receive payment for summer study * * * a student shall, during the regular academic year, be a full-time student matriculated in an approved program in a school in this State". The Commissioner has interpreted this rule, and the statute on which it is based, to require that students be full time either the term before or the term after an accelerated summer term in order to receive a TAP award for that summer term. As applied to this petitioner, this interpretation has effectively denied petitioner's students who attended only the summer "flexterm" of any TAP benefits. Significantly, none of the students who respondents claim were improperly certified by petitioner as eligible for TAP awards had exhausted the TAP annual amount.

■ In our view, the Comptroller improperly applied the statute and regulation to petitioner's summer students, so as to deprive them of any TAP award, which was neither the intent nor the effect of the statute and regulation. The statute is inapplicable to petitioner's certifications at issue here. The statute applies only to accelerated summer study that is beyond the regular program of study for the academic year and governs only *additional* awards. It should not be construed to prevent a student who has not utilized the annual TAP maximum from receiving an initial TAP award of $1,100 merely because the student attended the summer "flexterm". The students involved here were students attending the summer term in the same way that other students attended the fall term and spring term. It would make no sense to permit certification for a student attending the fall or spring term and to deny certification to a student only because his term happens to be the summer one. Students attending the summer term should not be required to sustain the additional burden of attending an adjacent term in order to qualify for the $1,100 award when students in the fall or spring term are not so required. Additionally, the statute describes the award as an "additional award". In regard to the students here, they have received no award to which the statutory award can be "additional". Therefore, the only reasonable interpretation that can be made in regard to the statute and regulation is that they have no application to petitioner's certifications at issue in this proceeding and cannot be rationally applied until a student has utilized the full annual TAP award of $2,200 and seeks an additional award. Because respondents' interpre-

tation and application of Education Law § 665 (2) and 8 NYCRR 145-2.9 precluded students from eligibility for a TAP award simply because they attended the summer term, respondents' determination is irrational and unreasonable and, thus, cannot be upheld *(see, Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393, 400; *Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 114, *affd* 65 NY2d 807). We, therefore, agree with Supreme Court's decision to grant the petition with respect to the disallowance of summer TAP awards.

■ We further agree with Supreme Court that the petition should be dismissed with respect to partial TAP awards. Education Law § 665 (3) (a) and 8 NYCRR 145-2.1 (b) and (c) require full-time attendance of students during a "flexterm" in order to be eligible for TAP awards. Respondents contend that because petitioner stopped providing educational services to its students for various six-week periods in the middle of a "flexterm", it failed to meet the full-time attendance requirement for purposes of TAP eligibility and that partial TAP award disallowances were warranted. Petitioner claims that the breaks in its program were the equivalent of a leave of absence in the middle of a program for which partial awards were allowed. Partial awards, as an exception to the requirement of full-time attendance by students, were allowed in the 1979 policy manual, but only to a student who either began or ended his or her program in the middle of a "flexterm". Petitioner, therefore, misconstrues the provisions of the 1979 policy manual as allowing partial TAP awards for its students affected by its six-week break periods. The breaks involved here were petitioner's administration breaks which do not serve as an exception to full-time attendance. Supreme Court properly dismissed the petition as to this claim. Accordingly, the judgment of Supreme Court should be affirmed in all respects.

MIKOLL, YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Judgment affirmed, without costs.