■ In the Matter of CROWN BUSINESS INSTITUTE OF KINGS COUNTY, INC., Respondent, v NEW YORK STATE DEPARTMENT OF AUDIT AND CONTROL et al., Appellants.—Mercure J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered November 22, 1989 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination requiring petitioner to refund certain moneys received under the Tuition Assistance Program.

Petitioner, a private business school, participated in the Tuition Assistance Program (hereinafter TAP) administered by respondent New York State Higher Education Services Corporation. Under Education Law § 601 (4), TAP awards are available to students enrolled in approved noncollegiate, nondegree two-year programs at registered business schools on a full-time basis, i.e., a minimum of 24 hours of instruction per week over the course of 60 weeks, totaling 1,440 hours of instruction (see, 8 NYCRR 145-2.1 [b]; 145-2.3 [a], [b] [2] [iii]). Under 8 NYCRR part 126, respondent State Education Department approved petitioner to offer an administrative assistant/secretarial program for 1,608 instructional hours and a business accounting and computer programming program (hereinafter BACP) for 1,500 hours.

In December 1986, respondent Department of Audit and Control initiated an audit of TAP payments made to petitioner for the 1985-1986 academic year. Of 355 students certified by petitioner for 645 TAP awards totaling $595,453 for that academic year, Audit and Control selected a statistical sample and reviewed records supporting 100 awards totaling $89,621. The initial audit report disallowed 91 of the 100 sample awards, based primarily on graduates not being offered the program as approved and students not being in full-time attendance due to petitioner's use of unlicensed teachers. In order to determine whether a program was offered as ap-

proved, the auditors inspected attendance records of all of the certified graduates in the sample. They then verified hours offered and compared the names of teachers listed on the attendance records with Education Department records. Under established criteria, a course of study was considered unapproved for TAP purposes if the total number of instructional hours for the entire program was below 1,440 or if a course was offered for less than the required core hours. In addition, if an instructor was determined to be neither licensed nor licensable, the instructional hours taught by that instructor were not counted toward program requirements. Ultimately, a final audit report, issued on September 30, 1988, disallowed 35 of the awards totaling $28,939 which, projected to the entire student population, resulted in a disallowance of $146,384.

Petitioner then brought this CPLR article 78 proceeding seeking, as is relevant to this appeal, to annul Audit and Control's disallowance of TAP awards to 10 students in the sample group who had been graduated and issued certificates without completing the BACP course requirements, upon the ground that the students actually did not graduate. Petitioner alleges in this regard that these students were originally enrolled in the secretarial program commencing in July 1985 and, following approval of the BACP program in August 1985, transferred to the 15-month BACP program commencing in September 1985. Then, petitioner continues, the students dropped out of the program in September 1986 but were improperly classified by a file clerk as graduates, rather than "drops", because they had completed the required 1,500 hours at the time they withdrew. Supreme Court granted the petition to the extent of, *inter alia,* declaring that respondents' disallowance of awards to these students was arbitrary and capricious. Respondents appeal.

In our view, respondents' disallowance of TAP awards to students who were graduated prior to completion of the program as approved is rational and consistent with applicable regulations and audit guidelines and is, thus, neither arbitrary nor capricious *(see, Matter of Elmira Business Inst. v New York State Dept. of Educ.,* 116 AD2d 133, *affd* 70 NY2d 758; *see also, Matter of Drake Business Schools Corp. v New York State Higher Educ. Servs. Corp.,* 153 AD2d 121, *lv denied* 76 NY2d 706; *Matter of Royal Business School v New York State Dept. of Educ.,* 141 AD2d 170). Supreme Court's judgment should be modified accordingly. The evidence relied upon by respondents in making their determination to disallow the

awards amply supports a conclusion that petitioner intentionally graduated the subject students with full knowledge that the program requirements had not been fulfilled. Notably, no withdrawal forms were filed with respect to these students. To the contrary, the students were included on the list of graduates provided by petitioner to respondents and inspection disclosed that each of the student files was marked "Graduate", transcripts indicated that a final cumulative average had been calculated, and all of the students who responded to inquiry by Audit and Control indicated that they had received a certificate on or before September 22, 1986, the last day of attendance. Moreover, the fact that seven of the 10 students were taught by an unlicensed teacher, and thus did not receive 1,440 hours of instruction, provided an independent basis for disallowance of the awards as to them.

Judgment modified, on the law, without costs, by deleting subparagraph (a) of the decretal paragraph thereof, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.