■ In the Matter of ROBERT CARTER, Appellant, v STATE OF NEW YORK, EXECUTIVE DEPARTMENT, DIVISION OF PAROLE, Respondent. [699 NYS2d 217] —Mugglin, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered January 5, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time barred.

Following a hearing, petitioner's parole was revoked in August 1997 and he pursued the administrative appeal procedure found in 9 NYCRR part 8006. On December 22, 1997, respondent's Appeals Unit issued its statement of findings and recommended that the original determination revoking parole be affirmed and the matter referred to the full Board of Parole for delinquent time case review. This statement contained the following notice: "A copy of the appellate determination of the Board will be attached hereto once a decision is rendered by the Board."

9 NYCRR 8006.4 (b) provides: "Upon the issuance by the Appeals Unit of its findings and recommendation, the appeal will be presented as soon as practicable to three members of the Board of Parole for determination."

A parole appeal decision notice dated January 2, 1998 and signed by each of the three reviewing members of the Board recites that the pleadings they considered were petitioner's "submittal received 10/1/97 [and] Statement of Appeals Unit Findings of 12/22/97". The three members of the Board affirmed the original decision and this notice was mailed to petitioner and his former attorney on January 2, 1998. This notice contains the following handwritten message: "Note: Given length of hold, schedule for full parole board review." On January 22, 1998, the full Board reviewed petitioner's case and reduced his delinquent time assessment from 96 months to five

years. Petitioner was notified of the Board's action by memorandum dated March 2, 1998. Petitioner commenced this CPLR article 78 proceeding on July 1, 1998 and respondent moved to dismiss the proceeding as untimely. Petitioner asserts that the four-month Statute of Limitations did not commence to run until March 2, 1998. Respondent argues that the proceeding is barred by the four-month Statute of Limitations since it is measured from January 2, 1998, or shortly thereafter, upon receipt by petitioner and his former counsel of the parole appeal decision notice.

We agree with Supreme Court that the administrative review process was complete when a copy of the decision of the three reviewing members of the Board was mailed to petitioner and his counsel (*see*, 9 NYCRR 8006.4 [i]). There is no further provision in 9 NYCRR part 8006 for administrative review so the Statute of Limitations commenced to run on the receipt of this notice by petitioner and his former counsel (*see, Matter Biondo v New York State Bd. of Parole*, 60 NY2d 832).

9 NYCRR 8005.21 sets forth the policy of the Board to review, *sua sponte*, any revocation determination where the time assessment imposed exceeds 24 months. 9 NYCRR 8005.21 (b) provides: "Review under this section shall not occur until the administrative appeal permitted pursuant to Part 8006 of this Title has been decided, or the time to take such an appeal has expired, and, as the delinquent time case review is not an administrative remedy, its pendency or conduct shall not preclude a violator from seeking judicial review of an underlying revocation determination once the administrative appeal permitted pursuant to Part 8006 of this Title is concluded."

This review of the length of time to be served by petitioner is entirely internal to the Division of Parole. Neither petitioner nor his counsel have the right to be heard since the period of incarceration cannot be increased and notice is not provided to a violator that his case has been reviewed except to the extent that such review results in a reduction of the time assessment imposed (*see*, 9 NYCRR 8005.21 [c]). Accordingly, petitioner's argument that the Statute of Limitations did not commence until notice of reduction from 96 months to five years was received is misplaced.

Moreover, petitioner and his counsel are charged with knowledge of the provisions of 9 NYCRR part 8006 and 8005.21. Thus, their argument that the aforesaid handwritten note on the parole appeal decision notice made the notice ambiguous lacks merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.