OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Petitioner Robert Carter is an inmate serving an aggregate sentence of 22 years to life for murder, assault and criminal possession of a weapon. On June 20, 1994, petitioner was released on parole. Two years later, he was re-arrested and charged with two robberies committed in the Town of Wallkill. In a search of his apartment, the police recovered a .38 caliber pistol. After petitioner was acquitted of the robberies, the Division of Parole instituted proceedings against him, alleging that he had violated the conditions of his parole by possessing a firearm. Following a parole revocation hearing, on August 8, 1997 an Administrative Law Judge issued a recommendation that petitioner’s parole be revoked and that he be assessed a penalty of 96 months’ imprisonment. Ten days later, the Division of Parole adopted that recommendation.
 

 Petitioner appealed to the Division’s appeals unit, which affirmed both the revocation and the penalty. A notice of the decision was mailed to petitioner on January 2, 1998. On the decision sent to petitioner, a handwritten note beneath the determination read, “Given length of hold, schedule for full Parole Board review.”
 

 On January 16, petitioner’s attorney sent a letter to the Board, asking it to consider on its “full Board” review all of the arguments raised before the appeals unit. The Board one week later issued a decision stating that it had conducted a Delinquent Time Case Review pursuant to 9 NYCRR 8005.21, and that petitioner’s penalty was reduced from 96 months to 60 months. The Board sent petitioner notice of that decision on March 2, 1998.
 

 Precisely four months later, on July 1, 1998, petitioner commenced the instant CPLR article 78 proceeding, arguing that his parole was improperly revoked because the evidence was not sufficient to show that he possessed the gun found in his apartment. Respondent moved to dismiss the petition, arguing
 
 *270
 
 that it was not filed within the four-month limitations period
 
 (see,
 
 CPLR 217). Specifically, respondent urged that, pursuant to Division of Parole regulations, the appeals unit determination was the final administrative action, and the full Board Delinquent Time Case Review was an internal review, not an administrative remedy. Petitioner responded that the appeals unit’s decision was “ambiguous as to finality” since on its face it scheduled the case for full Board review, and that the administrative process was not completed until the full Board acted.
 

 Supreme Court granted respondent’s motion to dismiss, holding that the appeals unit decision was a final administrative determination, and thus the four-month limitations period ran from January 2, 1998, the date notice of the appeals unit decision was mailed to petitioner. Full Board review, according to the court, was
 
 “sua sponte”
 
 and did not constitute a final administrative action. The Appellate Division affirmed, concluding that the administrative review process was complete after the decision of the appeals unit, and that “petitioner and his counsel are charged with knowledge” of the regulations providing for Delinquent Time Case Review by the Board on its own initiative (267 AD2d 590, 591). The Appellate Division found no merit in petitioner’s argument that the “handwritten note on the parole appeal decision notice made the notice ambiguous”
 
 (supra,
 
 at 591). We granted leave, and now affirm.
 

 Analysis
 

 A CPLR article 78 proceeding against a public “body or officer must be commenced within four months after the determination to be reviewed becomes final and binding” (CPLR 217 [1]). An agency determination is final — triggering the statute of limitations — when the petitioner is aggrieved by the determination
 
 (see, Matter of Biondo v New York State Bd. of Parole,
 
 60 NY2d 832, 834;
 
 Matter of Martin v Ronan,
 
 44 NY2d 374, 380-381). A petitioner is aggrieved once the agency has issued an unambiguously final decision that puts the petitioner on notice that all administrative appeals have been exhausted. If an agency has created ambiguity or uncertainty as to whether a final and binding decision has been issued, “ ‘the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court’ ”
 
 (Mundy v Nassau County Civ. Serv. Commn.,
 
 44 NY2d 352, 358 [quoting
 
 Matter of Castaways Motel v Schuyler,
 
 24 NY2d 120, 126-127,
 
 adhered to on rearg
 
 25 NY2d 692]).
 

 
 *271
 
 Here, the appeals unit decision affirming the revocation and penalty qualified as a final and binding determination. Division of Parole regulations specify only one avenue for administrative review: an appeal to the appeals unit
 
 (see,
 
 9 NYCRR 8006.4). No further avenues for administrative review are available. Thus, once the appeals unit has rendered its decision, administrative review is complete, triggering the four-month limitations period for article 78 review
 
 (see,
 
 9 NYCRR 8005.21 [b];
 
 see also, Matter of Blondo v New York State Bd. of Parole, supra,
 
 60 NY2d, at 834).
 

 Further, the handwritten note on the appeals unit decision did not create an ambiguity as to whether the decision was “final and binding.” The note stated, “Given length of hold, schedule for full Parole Board review.” That note was plainly a reference to 9 NYCRR 8005.21, which provides for full Board review, on the Board’s own initiative, of all penalty assessments in excess of 24 months. As the regulations state, this review — known as Delinquent Time Case Review — is “not a substitute for an administrative appeal,” but rather is an “internal opportunity for the members of the board to discuss” the case among themselves, and “to permit the board to consider any information in its records that it considers to be pertinent to the case, so as to facilitate equitable and consistent decision making” (9 NYCRR 8005.21 [a]). The time assessment may only be decreased, not increased, as a result of this review (9 NYCRR 8005.21 [c]).
 

 Delinquent Time Case Review, in effect, is an internal audit conducted by the Board. Its timing is left to the “sole discretion” of the Board, and the Board does not “solicit or accept input from outside” when conducting this review (9 NYCRR 8005.21 [a]). Indeed, the parole violator is notified of the result of the review only if the full Board decides to reduce the time assessment
 
 (see,
 
 9 NYCRR 8005.21 [c]). Further, the regulations explicitly state that Delinquent Time Case Review “is not an administrative remedy,” and, therefore, “its pendency or conduct shall not preclude a violator from seeking judicial review of an underlying revocation determination once the administrative appeal [to the appeals unit] * * * is concluded” (9 NYCRR 8005.21 [b]).
 

 In light of these regulations, it is clear that the handwritten note on the appeals unit’s decision referred to the Division’s internal Delinquent Time Case Review, which is explicitly
 
 not
 
 an administrative remedy. Further, the regulations make clear that the appeals unit decision was a “final and binding”
 
 *272
 
 administrative determination, notwithstanding the pendency of the Delinquent Time Case Review. Thus, the four-month limitations period began to run when notice of the appeals unit decision was mailed to petitioner in January 1998. His article 78 petition filed nearly six months later was therefore untimely.
 
 *
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, without costs.
 

 *
 

 Only the timeliness of petitioner’s article 78 proceeding — and no other aspect of Delinquent Time Case Review — is before us on this appeal.