■ In the Matter of ROSALIND STEPHENS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [739 NYS2d 719] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered September 6, 2001, which, in a CPLR article 78 proceeding to annul respondent's determination terminating petitioner's public housing tenancy, granted respondent's motion to dismiss the petition as barred by the statute of limitations, unanimously affirmed, without costs.

The proceeding was properly dismissed as time-barred on the ground that it was not commenced within four months of petitioner's receipt of either (1) respondent's "Determination of Status for Continued Occupancy," dated February 23, 2000, notifying petitioner that respondent, "in compliance with the Decision and Disposition made by the Hearing Officer, has determined that the Tenant is ineligible for continued occupancy on the grounds of Chronic Delinquency In The Payment of Rent," or (2) respondent's "Notice to Vacate," dated April 13, 2000, notifying petitioner that respondent had elected to terminate her tenancy as of May 31, 2000 (CPLR 217 [1]). The proceeding is not saved by petitioner's alleged nonreceipt of the Hearing Officer's decision and disposition, which, under respondent's rules, was subject to review by respondent's Board, and thus was not a final and binding determination that could have any effect on the running of the statute of limitations (*see, Matter of Edmead v McGuire*, 67 NY2d 714; *Mat-*

*ter of Carter v State of New York*, 95 NY2d 267). Concur—Williams, P.J. Saxe, Lerner, Rubin and Marlow, JJ.