In the Matter of ARCHIE C. CULTON, JR., Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [743 NYS2d 915] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Wolfgang, J.), entered May 10, 2001, which granted respondents' motion to dismiss the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the CPLR article 78 petition as time-barred. Pursuant to CPLR 217 (1), a proceeding against a body or officer "must be commenced within four months after the determination to be reviewed becomes 'final and binding upon the petitioner' " (*Matter of Yarbough v Franco,* 95 NY2d 342, 346). An administrative determination becomes final and binding "when the petitioner is aggrieved by the determination" (*Matter of Carter v State of New York, Exec. Dept., Div. of Parole,* 95 NY2d 267, 270). Here, petitioner was aggrieved when the disciplinary sanctions were imposed, and the petition was filed more than four months after the last of the challenged disciplinary sanctions became final and binding. Contrary to petitioner's contention, the subsequent change in the disciplinary policy did not extend the statute of limitations. The general rule that changes in decisional law may be applied to cases " 'still in the normal litigating process' " does not apply here to extend a limitations period that had already expired (*Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184, 191, *rearg denied* 56 NY2d 567, *cert denied* 459 US 837). Even assuming, arguendo, that changes in disciplinary policy apply retroactively to the same extent as changes in decisional law, we conclude that such retroactivity would be limited to those cases " 'still in the normal litigating process' " that are not barred by the statute of limitations (*id.*). Present—Pine, J.P., Wisner, Kehoe, Burns and Lawton, JJ.