■ In the Matter of JP & ASSOCIATES CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [996 NYS2d 633]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated May 5, 2011, which dismissed, as untimely, a petition for administrative review of a determination of the Rent Administrator dated March 8, 2011, restoring a rent reduction, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dabiri, J.), dated January 4, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On March 8, 2011, the Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), upon reconsideration, reinstated a rent reduction for an apartment in a building owned by the petitioner. The petitioner then had 35 days to file a petition for administrative review (hereinafter PAR), or forfeit its right to have the determination reviewed (*see* Rent Stabilization Code [9 NYCRR] § 2529.2). The petitioner's PAR was filed with the Deputy Commissioner of the DHCR on April 19, 2011, 42 days after issuance of the order, and the Deputy Commissioner dismissed the PAR as untimely.

In this CPLR article 78 proceeding in which the petitioner challenges an agency determination that was not made after a quasi-judicial hearing, we must consider whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal,* 98 AD3d 668, 670 [2012]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.,* 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero,* 12 NY3d

424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]), or where it is "arbitrary and capricious" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]).

Here, the DHCR's strict enforcement of the time requirement in the Rent Stabilization Code was rational, and was not arbitrary and capricious (*see Matter of Clarendon Mgt. Corp. v New York State Div. of Hous. & Community Renewal*, 271 AD2d 688, 689 [2000]; *Matter of Dowling v Holland*, 245 AD2d 167, 169 [1997]; *Matter of Ruiz v New York State Div. of Hous. & Community Renewal*, 210 AD2d 338, 339 [1994]).

The appellant's remaining contentions are not properly before this Court (*see Matter of Peckham v Calogero*, 12 NY3d at 430; *HSBC Bank USA, N.A. v Valentin*, 72 AD3d 1027, 1030 [2010]).

Accordingly, the Supreme Court properly denied the petition and dismissed the CPLR article 78 proceeding. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.