◼ In the Matter of Lawrence S. Wilson, Respondent, v New York City Department of Housing Preservation and Development, Appellant, et al., Respondents, and Nickita Skopelitis et al., Intervenors-Appellants. [44 NYS3d 135]—

Separate appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bernadette Bayne, J.), dated June 11, 2014. The order and judgment, insofar as ap-

pealed from by the New York City Department of Housing Preservation and Development, granted a petition pursuant to CPLR article 78. The order and judgment, insofar as appealed from by the intervenors, granted the petition and, in effect, denied that branch of the intervenors' motion which was to direct the expeditious processing of an application.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting the petition pursuant to CPLR article 78, and substituting therefor a provision denying the petition and dismissing the proceeding; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the appellant New York City Department of Housing Preservation and Development payable by the petitioner.

The petitioner is a tenant/cooperator in a building governed by the Mitchell-Lama program (*see* Private Housing Finance Law § 10 *et seq.*). In 2014, the petitioner sought a transfer to a different apartment within that same building. At that time, the petitioner and his partner occupied a two-bedroom apartment; they sought to transfer to a different two-bedroom apartment. Nickita Skopelitis and Joann Papamichael, who live in the subject building along with their child, sought a transfer to the same two-bedroom apartment that was sought by the petitioner. The New York City Department of Housing Preservation and Development (hereinafter HPD) denied the petitioner's application on the ground that he did not meet the applicable occupancy requirements. As relevant here, those regulations provide that, in a Mitchell-Lama building, a two-bedroom apartment may be occupied only by a household consisting of "[n]o fewer than three persons, a brother and a sister who are both adults, or a parent or guardian with at least one child" (28 RCNY 3-02 [m] [iii]). At the time of the application, the petitioner resided only with his partner, whom he subsequently married.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the HPD's determination. Skopelitis and Papamichael (hereinafter together the intervenors) moved, inter alia, for leave to intervene in the proceeding and to direct the HPD to "expeditiously process" their application for a transfer to the subject apartment. In the order and judgment appealed from, the Supreme Court granted the CPLR article 78 petition, granted that branch of the intervenors' motion which was for leave to intervene in the proceeding, and, in effect, denied that branch of the intervenors' motion which was to direct the HPD to "expeditiously process" their application

for a transfer to the subject apartment. The HPD and the intervenors separately appeal.

In a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Gottlieb v City of New York*, 129 AD3d 724, 725 [2015]; *Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal*, 122 AD3d 739, 739 [2014]). An administrative agency's interpretation of the regulations it administers is entitled to deference, and must be upheld if reasonable (*see Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal*, 37 AD3d 714, 714 [2007]; *Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 675, 676 [2002]).

Here, the HPD had a rational basis for determining that the applicable regulation, read as a whole, requires that an applicant for any transfer of apartment, including transfers from one apartment to another apartment with the same number of rooms, must comply with the occupancy rules (*see* 28 RCNY 3-02 [i]). Further, "estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (*Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130 [1990]; *see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 779 [2008]; *Matter of New Surfside Nursing Home, LLC v Daines*, 103 AD3d 637, 640-641 [2013]). Thus, evidence of any prior lack of enforcement of the applicable occupancy requirements with respect to apartment transfers does not estop the HPD from enforcing such rules (*see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d at 779). Therefore, the Supreme Court erred in annulling the HPD's determination (*see* 28 RCNY 3-02 [i]; *see also Matter of Suffolk County Assn. of Mun. Empls., Inc. v Levy*, 133 AD3d 676, 677 [2015]; *Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs.*, 71 AD3d 98, 109-110 [2010]).

The intervenors' remaining contention is without merit. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.

---

Motion by the petitioner-respondent, inter alia, to strike the intervenors-appellants' brief or stated portions thereof on the ground that it refers to matter dehors the record and contains improper arguments. By decision and order on motion dated August 12, 2015, this Court held in abeyance that branch of the motion which is to strike the intervenors-appellants' brief

or stated portions thereof on the ground that it refers to matter dehors the record and contains improper arguments, and referred that branch of the motion to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals it is

Ordered that the branch of the motion which is to strike the intervenors-appellants' brief or stated portions thereof on the ground that it refers to matter dehors the record and contains improper arguments is denied. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.