Matter of Rada Corp. v Gluckman (2019 NY Slip Op 03055)





Matter of Rada Corp. v Gluckman


2019 NY Slip Op 03055


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-07604
 (Index No. 516454/16)

[*1]In the Matter of Rada Corp., appellant,
v
Ira M. Gluckman, etc., et al., respondents.


Avi Rosenfeld, Lawrence, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and MacKenzie Fillow of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Department of Buildings dated May 20, 2016, issuing an immediate emergency declaration regarding certain real property owned by the petitioner, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kathy J. King, J.), dated May 17, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of a commercial building located on Remsen Avenue in Brooklyn (hereinafter the subject property). On May 19, 2016, the New York City Department of Buildings (hereinafter the Department of Buildings) issued a violation against the subject property, noting bulging bricks and cracked mortar joints. On May 20, 2016, the Department of Buildings determined that an immediate emergency declaration (hereinafter IED) was warranted. Approximately one week later, the Department of Buildings hired a contractor to construct a sidewalk shed after the petitioner failed to immediately erect one as instructed by the New York City Department of Housing Preservation & Development in a letter dated May 24, 2016. In September 2016, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to reviewl the May 20, 2016, determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Gottlieb v City of New York, 129 AD3d 724, 725; Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 739, 739). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action only "where it is taken without sound basis in reason' or regard to the facts'" (Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280, quoting Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232), or where it is "arbitrary and capricious" (Matter of Deerpark Farms, LLC v Agricultural & Farmland [*2]Protection Bd. of Orange County, 70 AD3d 1037, 1038).
We agree with the Supreme Court's determination denying the petition and dismissing the proceeding. The determination by the Department of Buildings to issue the IED was not arbitrary or capricious, and was rationally based. The Department of Buildings, in issuing the IED, was entitled to rely upon the recommendation of its engineer and his opinion that the condition of the building's facade was unsafe.
To the extent the petitioner seeks, in effect, to vacate and discharge any liens placed against the subject property by the Department of Housing Preservation & Development for unpaid emergency repairs and to bar any future liens, it is not entitled to such relief, as there is no evidence in the record before this Court that the Department of Housing Preservation & Development placed or will place any such liens against the property (see NY City Housing Maintenance Code [Administrative Code of City of NY] §§ 27-2129, 27-2144[b]).
The petitioner's remaining contention is without merit.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court