Matter of Julian v Fire Dept. of the City of N.Y. (2021 NY Slip Op 00563)





Matter of Julian v Fire Dept. of the City of N.Y.


2021 NY Slip Op 00563


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-04255
 (Index No. 1279/17)

[*1]In the Matter of Timothy Julian, appellant,
v
Fire Department of the City of New York, et al., respondents.


The Law Office of Jeffrey L. Goldberg, P.C., Port Washington, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Tahirih M. Sandrieh of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review (1) a determination of the Fire Department of the City of New York, dated October 25, 2013, denying the petitioner's request for a promotion to the rank of Lieutenant, and (2) a determination of the New York State Division of Human Rights, dated January 30, 2017, dismissing the petitioner's discrimination complaint, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 8, 2018. The order and judgment, insofar as appealed from, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In October 2013, the petitioner, who had been employed as a firefighter with the respondent Fire Department of the City of New York (hereinafter the FDNY) since 1998, was informed that he was denied a promotion to the rank of Lieutenant. The petitioner subsequently retired in October 2015. On September 6, 2016, the petitioner filed a complaint with the respondent New York State Division of Human Rights (hereinafter the DHR) against the FDNY, alleging that the FDNY had discriminated against him in 2013 on the basis of age and disability. On January 30, 2017, the DHR dismissed the petitioner's complaint as untimely, since it was not filed within one year after the alleged unlawful discriminatory practice, as required by Executive Law § 297(5). The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review DHR's determination, as well as FDNY's earlier denial of his request for a promotion. By order and judgment dated January 8, 2018, the Supreme Court, inter alia, denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"In a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev., 145 AD3d 905, 907; see CPLR 7803[3]). Courts must "examine whether the action taken by the agency has a rational basis, and will overturn that action only where it is taken without sound basis in reason or regard to the facts" [*2](Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 739, 739 [internal quotation marks omitted]).
Under Executive Law § 297(5), "[a]ny complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice." "The provision that a complaint 'must' be filed within one year after the discriminatory practice has occurred is in the nature of a statute of limitations and, thus, is mandatory" (Matter of Murphy v Kirkland, 88 AD3d 267, 273, quoting Executive Law § 297[5]).
Contrary to the petitioner's contention, the Supreme Court properly determined that the DHR's determination to dismiss the petitioner's complaint as untimely was not arbitrary and capricious and had a rational basis. Similarly, the court properly dismissed this CPLR article 78 proceeding as to the FDNY, since it was commenced more than four months after the FDNY's final determination not to promote him, which the parties do not dispute occurred in late 2013 (see CPLR 217; Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270).
The petitioner's remaining contentions are without merit.
Accordingly, we affirm the order and judgment insofar appealed from.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court