Matter of Fanor v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 01043)





Matter of Fanor v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 01043


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-00967
 (Index No. 2146/17)

[*1]In the Matter of Evans Fanor, petitioner-respondent,
v
New York State Division of Housing and Community Renewal, respondent, 724 East 27th Street, LLC, appellant.


Belkin Burden Wenig & Goldman, LLP, New York, NY (Robert A. Jacobs, Magda L. Cruz, and Sherwin Belkin of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 23, 2017, which dismissed, as untimely, a petition for administrative review of a determination of a Rent Administrator dated February 28, 2017, finding that the petitioner's apartment is not subject to rent regulation, 724 East 27th Street, LLC, appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated December 13, 2018. The judgment granted the petition, annulled the determination dated May 23, 2017, and remitted the matter to the New York State Division of Housing and Community Renewal for reconsideration.
ORDERED that the judgment is reversed, on the law, with costs, the determination dated May 23, 2017, is confirmed, the petition is denied, and the proceeding is dismissed.
On February 28, 2017, a Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter DHCR) denied the petitioner's complaint of rent overcharges, finding that the subject apartment had previously been legally deregulated. The petitioner then had 35 days to file a petition for administrative review (hereinafter PAR), or forfeit his right to have the determination reviewed (see Rent Stabilization Code [9 NYCRR] § 2529.2). The PAR was filed with the DHCR on May 1, 2017, 62 days after issuance of the Rent Administrator's order. On May 23, 2017, the Deputy Commissioner of the DHCR dismissed the PAR as untimely. In August 2017, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Deputy Commissioner's determination. The Supreme Court granted the petition, annulled the determination dated May 23, 2017, and remitted the matter to the DHCR for reconsideration.
The Supreme Court should have dismissed the CPLR article 78 proceeding on the ground that the CPLR article 78 petition was not timely served. Although the petitioner timely purchased an index number, he did not serve the petition on the DHCR within 15 days as required by CPLR 306-b.
Additionally, "[i]n a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in [*2]violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev., 145 AD3d 905, 907; see CPLR 7803[3]). Courts must "examine whether the action taken by the agency has a rational basis, and will overturn that action only where it is taken without sound basis in reason or regard to the facts" (Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 739, 739). "An administrative agency's interpretation of the regulations it administers is entitled to deference, and must be upheld if reasonable" (Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev., 145 AD3d at 907). Here, the PAR was plainly untimely, and the DHCR's strict enforcement of the time requirement in the Rent Stabilization Code was rational, and was not arbitrary and capricious (see Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d at 740; Matter of Clarendon Mgt. Corp. v New York State Div. of Hous. & Community Renewal, 271 AD2d 688, 689).
Accordingly, the Supreme Court erred in granting the petition, and the judgment must be reversed.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court