Matter of Davis v Adams (2025 NY Slip Op 00149)

Matter of Davis v Adams

2025 NY Slip Op 00149

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 150427/23 Appeal No. 3449 Case No. 2023-05701 

[*1]In the Matter of Ricky Davis, Petitioner-Appellant,
v
Eric Adams etc., et al., Respondents-Respondents.

Law Office of Alexander Schachtel, New York (Alexander Schachtel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Richard Latin, J.), entered on or about October 17, 2023, denying as untimely so much of petitioner's article 78 petition as sought back pay for the period during which respondent New York City Police Department (NYPD) placed petitioner on leave without pay, and dismissing the proceeding, unanimously affirmed, without costs.
Petitioner, an auto mechanic employed by the NYPD, was placed on leave without pay status beginning on January 11, 2022 for noncompliance with the COVID-19 vaccine mandate implemented for New York City employees in October 2021. On February 8, 2022, petitioner submitted a request for a reasonable accommodation from the vaccine mandate based on his religion, and on June 8, 2022, the NYPD's Equal Employment Opportunity Division (EEOD) denied petitioner's request. On June 15, 2022, petitioner appealed the EEOD's denial, and on December 29, 2022, the City of New York Reasonable Accommodation Appeals Panel (the Citywide Panel) denied petitioner's appeal. On January 13, 2023, petitioner commenced this article 78 proceeding against respondents the NYPD, Mayor Eric Adams, and the City of New York (collectively, the City), seeking an order, among other things, annulling the determination denying his religious accommodation as arbitrary and capricious and awarding him full back pay for the period during which he was on leave without pay. The NYPD reinstated petitioner to his position on or around February 8, 2023, rendering the matter moot as to the denial of the religious accommodation.
Supreme Court properly dismissed the petition on the basis that the claim for back pay is time-barred. Petitioner commenced this proceeding in January 2023, more than four months after the NYPD placed petitioner on leave without pay on January 11, 2022 (see CPLR 217[1]). Nothing in the record suggests that petitioner could have administratively appealed the January 11, 2022 leave without pay determination. Thus, because no further avenues for administrative review were available, the January 11, 2022 determination was the NYPD's final determination as to petitioner's leave without pay status, and the statute of limitations began to run on that date as to that issue (see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [2000]).
The December 29, 2022 determination by the Citywide Panel denying petitioner's request for a religious accommodation is not the relevant determination for purposes of the back pay claim. The City's procedure for religious accommodation was a discrete administrative process for addressing, as a matter of equal employment practices, whether to exempt petitioner from the vaccine requirement; this process did not offer an administrative remedy for the initial leave without pay decision. Petitioner also does not dispute the City's assertion that even if he had been granted an accommodation, he would not have been entitled to back pay from [*2]the beginning of his leave without pay, but rather, would have been entitled to back pay only from December 29, 2022. Furthermore, because petitioner has sought back pay only for his time on leave without pay for January 11, 2022 through February 8, 2023, any argument for back pay beginning December 29, 2022 is unpreserved (see Matter of Hogue v Board of Educ. of City Sch. Dist. of City of N.Y., 220 AD3d 416, 417 [1st Dept 2023], lv denied 42 NY3d 905 [2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025