■ In the Matter of CITYWIDE FACTORS, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [644 NYS2d 62]

The petitioner Citywide Factors, Inc. (hereinafter Citywide) is the assignee of the rights of GTS Contracting Corporation (hereinafter GTS) to recover money pursuant to certain construction contracts which GTS had with the respondent, New York City School Construction Authority (hereinafter SCA). After the owner and an employee of GTS were arrested for mail fraud and bribery in connection with other SCA contracts, the SCA rescinded its contracts with GTS and, according to Citywide, refused to make payment under a particular contract even though the payment had already been approved by a SCA inspector. Citywide thereupon commenced this proceeding pursuant to CPLR article 78, alleging that "SCA willfully and unlawfully refuses to complete the ministerial act of issuing certain approved payments". The Supreme Court dismissed the petition and thereafter denied Citywide's subsequent motion, in effect, to renew.

Mandamus relief is appropriate only where the right to relief is clear, and the duty sought to be compelled is the performance of an act which is required by law and involves no exercise of discretion (see, Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88, 96). Since contracts which have been fraudulently procured from the SCA are subject to rescission and restitution (see, S. T. Grand, Inc. v City of New York, 32 NY2d 300, 305) and there exist substantial questions as to whether the subject contract had been fraudulently obtained, the duty of SCA to make payment under the subject contract was clearly not a mere ministerial act. Accordingly, the Supreme Court properly dismissed the petition. Citywide moved, in effect, to renew based on the fact that the criminal charges against the owner and employee of GTS were dismissed. However, even though the criminal charges had been dismissed, Citywide was still without the right to mandamus relief because the SCA retained the discretion to withhold payment and to litigate the illegality issue in a plenary action. Therefore, since Citywide failed to demonstrate that the new evidence mandated a result which was different from that reached by the Supreme Court in its prior order, the court properly denied Citywide's motion (see, CPLR 2221; Matter of Banow v Simins, 53 AD2d 542).

We note that the determination of this appeal is in no way determinative of the pending plenary action. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.