■ ELENA RIVERA, Respondent, v SEBASTIAN ENTERPRISES, INC., et al., Appellants, et al., Defendants. [664 NYS2d 516] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered April 7, 1997, which denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff tenant was shot by a guest of the tenant in the apartment immediately above her when a bullet was fired through her ceiling. Ten months before the shooting, the building's tenants had petitioned defendants, the building's owner and managing agent, to evict that tenant for allowing drug dealers to stash and sell drugs in her apartment. The petition explicitly expressed the tenants' fears that they might be injured by gunfire from the drug-dealing guests. Defendant managing agent initiated eviction proceedings against the offending tenant on the basis of the drug-dealing in her apartment, but the proceedings were not completed for reasons that are in dispute. Defendants' motion for summary judgment was properly denied, there being issues of fact as to whether they should have anticipated a risk of harm from the acknowledged drug dealing in the apartment in question; if so, whether defendants took reasonable steps to minimize the risk; and, if they did not, whether the failure to do so was a substantial causative factor in the sequence of events that led to the injury (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520-521; Jacqueline S. v City of New York, 81 NY2d 288, 294). Concerning defendant managing agent, issues of fact exist as to whether he was in complete and exclusive control of the building such as would make him liable for the negligence of his disclosed principal (see, Keo v Kimball Brooklands Corp., 189 AD2d 679). Concur—Sullivan, J. P., Rosenberger, Ellerin and Nardelli, JJ.