■ In the Matter of COUNTY OF ALBANY et al., Respondents, v MICHAEL F. CONNORS, as Comptroller of the County of Albany, Appellant, et al., Respondents. [754 NYS2d 678] —Rose, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered September 28, 2001 in Albany County, which, inter alia, granted petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondent Comptroller of the County of Albany to approve payment of certain sales tax distribution moneys to various municipalities.

Petitioners commenced this proceeding seeking a judgment in the nature of mandamus directing respondent Comptroller of the County of Albany (hereinafter respondent) to approve payment to certain towns and villages within the County of sales tax revenues received by petitioner County of Albany from the Department of Taxation and Finance. This dispute arose when, after the 2001 first quarter distributions under Tax Law § 1262 were made based on 2000 census figures released in March 2001, respondent recalculated those distribu-

tions using 1990 census figures. He deemed the first quarter to have run from December 1, 2000 to February 28, 2001, rather than from January 17, 2001 to April 15, 2001, as petitioners had traditionally determined. Although use of the 2000 census figures would be proper if the first quarter were to be measured as petitioners determined,* respondent refused to authorize the second quarter distributions until they were adjusted to recoup what he viewed to be first quarter overpayments to several municipalities that had benefited from the use of the 2000 figures. Contending that determination of the first quarter dates is a function inherent in his role as chief fiscal and auditing officer of the County, respondent moved to dismiss the petition. Supreme Court denied the motion and granted the petition, prompting respondent's appeal. Unpersuaded that respondent has the discretion to choose the fiscal quarter dates, we find that mandamus lies to compel him to act and, therefore, affirm.

Mandamus is addressed to the discretion of the court (*see Matter of Associated Gen. Contrs. of Am., N.Y. State Ch. v Roberts*, 122 AD2d 406, 407), and "lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16; *see Matter of Brown v Hallman*, 278 AD2d 604, 605, *lv denied* 96 NY2d 709). As Supreme Court noted, respondent's role is that of chief fiscal officer of the County with the authority and duty to keep, supervise and certify the County's financial records, as well as audit and approve expenditures and lawful claims for payment (*see* County Law § 577; Albany County Charter art 4). By contrast, the Albany County Executive (hereinafter County Executive) is designated the County's chief executive officer and chief budget officer (*see* Albany County Charter § 302 [f]; *see also* County Law art 7). Thus, while respondent's primary role is to be accountant and auditor, the County Executive and his appointees are charged with overall administration of the County's budgetary and financial affairs.

In light of these roles, Supreme Court did not abuse its discretion in concluding that the measurement of quarters for purposes of the County's distribution of sales tax revenues in accordance with Tax Law § 1262 is an administrative and policy-making, rather than an accounting or auditing, function

---

* Tax Law § 1262 (c) prescribes that the calculation is to be made in proportion to population "determined in accordance with the latest decennial federal census * * * completed and published prior to the end of the quarter for which the allocation is made."

that lies within the province of the County Executive. Once the dates of the quarters are set, Tax Law § 1262 (c) clearly prescribes which census figures are to be used, and respondent then has no discretion as to that determination. Accordingly, we find that Supreme Court did not err in compelling respondent to accept the County Executive's definition of the first quarter, use the 2000 census figures in his first quarter calculations, and make the second quarter distributions as requested by petitioners (*see Matter of Cohalan v Caputo*, 94 AD2d 742, 743).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.