■ MICHEL BRASSEUR et al., Appellants, v JOE SPERANZA et al., Respondents. [800 NYS2d 669]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered November 5, 2004, which, to the extent appealed from as limited by the brief, granted defendants' motion pursuant to CPLR 3211, 3013 and 3016 (b) insofar as to dismiss the first, second, third, fourth, sixth, ninth and tenth causes of action, unanimously modified, on the law, to reinstate the first and second causes of action in their entirety and the sixth cause of action as it relates to defendant condominium board, and otherwise affirmed, without costs.

Contrary to the view expressed by the motion court, the first and second causes of action would not have been properly asserted in a proceeding pursuant to CPLR article 78. Condominiums, generally regarded as unincorporated associations (*Hunt v Sharp*, 85 NY2d 883 [1995]), are not amenable to article 78 proceedings in the nature of mandamus for claims of bylaw breach (*see Matter of Phalen v Theatrical Protective Union No. 1*, 22 NY2d 34, 39-40 [1968], *cert denied* 393 US 1000 [1968]; *Matter of Fraser v Patrolmen's Benevolent Assn. of City of N.Y.*, 179 AD2d 563 [1992]). Moreover, mandamus relief is not appropriate here, where the obligation sought to be enforced,

namely, that of defendant board to maintain the common elements of the condominium, involves more than a mere ministerial act (*see Matter of County of Albany v Connors*, 300 AD2d 902 [2002]; *Matter of Citywide Factors, Inc. v New York City School Constr. Auth.*, 228 AD2d 499 [1996]). Nor were plaintiffs' first and second causes, which accrued on November 18, 1999, subject to dismissal as untimely, the complaint having been interposed within the applicable six-year period (CPLR 213 [2]).

The sixth cause of action, derivatively alleging that defendants breached their fiduciary duty to the condominium, is also timely (CPLR 213 [7]; *Toscano v Toscano*, 285 AD2d 590 [2001]; *Blake v Blake*, 225 AD2d 337 [1996]), and states a viable cause of action as against the Board (*see Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665, 667 [1993]). However, in the absence of any allegations that the individual defendants acted tortiously other than in their capacity as board members, the sixth cause of action states no cognizable claim against them (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]).

The third cause of action, which alleges that the board breached its fiduciary duty by, inter alia, selectively requiring plaintiffs, but not other unit owners, to enter into an alteration agreement prior to renovations of apartments in the building, was properly dismissed. To the extent that it seeks to hold the board accountable, it is subject to dismissal as duplicative of the first cause of action (*see William Kaufman Org., Ltd. v Graham & James L.L.P.*, 269 AD2d 171, 173 [2000]; *Perl v Smith Barney Inc.*, 230 AD2d 664, 666 [1996], *lv denied* 89 NY2d 803 [1996]), and it states no cognizable claim against the individual board members, since there is no allegation that they breached a duty other than, and independent of, those contractually imposed upon the board (*see Kaminsky v FSP Inc.*, 5 AD3d 251 [2004]; *William Kaufman Org., Ltd.*, 269 AD2d at 173). Further, the third cause of action is time-barred, not having been brought within the applicable three-year limitation period (*see* CPLR 214 [4]; *Kaufman v Cohen*, 307 AD2d 113 [2003]; *Yatter v William Morris Agency, Inc.*, 256 AD2d 260 [1998]), as is the fourth cause of action alleging intentional infliction of emotional distress, which was not brought within the applicable one-year period (CPLR 215 [3]). Moreover, the fourth cause of action, which is devoid of allegations of conduct by defendants "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Sheila C. v Povich*, 11 AD3d 120, 130-131 [2004]), fails to state a cause of action for intentional infliction of emotional distress.

Although timely, the ninth and tenth causes of action, seeking relief against the condominium's managing agent on the condominium's behalf, were properly dismissed. The ninth cause of action alleges, inter alia, that the managing agent violated its obligation to unit owners to supervise apartment renovations by allowing such renovations without work permits, by allowing work to proceed without alteration agreements, and by allowing unlicensed contractors to work in the building. Plaintiffs claim damages in the form of "penalties and remediation orders" that "have and potentially will" occur.

Apart from the apparent unripeness of this claim, the managing agent may not be held liable for breach of its contractual duties since it was at all times acting as agent for a disclosed principal (*Paganuzzi v Primrose Mgt. Co.*, 268 AD2d 213, 213-214 [2000]). Moreover, to the extent the allegations in the ninth cause of action are grounded in negligence, the managing agent cannot be held liable since there was no allegation that it was in exclusive control of the building (*see Rivera v Sebastian Enters., Inc.*, 243 AD2d 291 [1997]).

The tenth cause of action alleges that the managing agent aided and abetted the board's breach of fiduciary duty and self-dealing by failing to disclose it. To state a claim under this theory, a plaintiff must allege that the defendant had actual knowledge of the breach of duty; constructive knowledge will not suffice (*Kaufman v Cohen*, 307 AD2d at 125). Here, the bare allegations that the agent "knew or should have known" of numerous instances of the board's breach of fiduciary duty were insufficient to satisfy this element (*id.*). Nor, in our view, did plaintiffs' allegation that the board could not have committed those breaches "without the complicity" of the agent demonstrate the requisite "substantial assistance" for aider and abettor liability (*id.* at 126).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.