■ In the Matter of Nissim Y., Appellant, v Commissioner of Social Services, on Behalf of Violet Y., Respondents. [909 NYS2d 420]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about May 14, 2009, which denied petitioner's objection to a Support Magistrate's order dismissing a supplemental petition to adjust arrears and refund alleged overpayments, unanimously affirmed, without costs.

Petitioner and Violet Y. were divorced in 1976. Since petitioner had not paid any of the ordered support payments, and his family was on public assistance, respondent Commissioner obtained money judgments against him in 1985 and 1986 for the respective sums of $51,452.05 and $10,200.

Family Court properly found that a 1992 support enforcement order had no effect on the prior money judgments, which were simply incorporated into a single "administrative amount." The fact that the Support Collection Unit did not begin to charge petitioner with interest on the arrears until after November 1993 did not constitute a waiver of the right to recover such interest, as statutorily determined (*see* CPLR 5003; *see also Matter of Dox v Tynon*, 90 NY2d 166, 175-176 [1997]). Petitioner has made payments on the judgments through January 2008, and thus no applicable statute of limitations has elapsed (*see*

CPLR 211 [b]). Moreover, the statute of limitations is an affirmative defense (CPLR 3018 [b]; *see Marine Midland Bank v Worldwide Indus. Corp.*, 307 AD2d 221, 222 [2003]) and cannot be used, as attempted herein, to reduce arrears (*see Matter of Vermont Dept. of Social Welfare v Louis T.*, 25 AD3d 515, 516 [2006]). Concur—Friedman, J.P., Nardelli, DeGrasse, Freedman and Manzanet-Daniels, JJ.