■ GINA SALAMINO, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. [926 NYS2d 461]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 9, 2009, dismissing this proceeding to annul the termination of petitioner's employment, unanimously affirmed, without costs.

The arbitrator determined that petitioner, a tenured teacher, had engaged in sexual misconduct with a "student" within the meaning of the disciplinary provisions in article 21 (G) (6) of the parties' collective bargaining agreement (CBA). As the relevant provisions of CBA art 21 (G) (6) do not define the term "student," the arbitrator was required to give meaning to this term. The arbitrator relied on one of the Chancellor's Regulations determining that a "student" is an individual required to remain in attendance "until the last day of the session in the school year in which the [individual] becomes seventeen . . . years of age" (Chancellor's Regulation A-101). The individual with whom petitioner had a sexual relationship met that definition, inasmuch as he was required to attend school through the completion of the school year (July 1 through June 30) in which he reached 17 years of age. Here, the individual turned 17 on July 7, 2006, and was obligated to attend school through June 30, 2007. The sexual relationship between petitioner and the individual began in November or December 2006. Although he did not attend school during the 2006-2007 school year and attended only 15 days during the 2005-2006 school year, he was required to attend school by Chancellor's Regulation A-101.

Petitioner correctly maintains that Regulation A-101 does not purport to state a definition of the term "student." In addition, petitioner argues with considerable force that because the relevant provisions of CBA art 21 (G) (6) expressly state that the Chancellor's Regulations define the meaning of another term, the only reasonable interpretation of CBA art 21 (G) (6) is that the term "student" is not defined by the Chancellor's Regulations. As she argued before the arbitrator, petitioner maintains that the meaning of the term should be determined by reference to a dictionary.

We need not determine whether petitioner is correct that the meaning of the term "student" should be so determined. Even if she is correct, we cannot conclude that the arbitrator acted arbitrarily and capriciously in using Regulation A-101 to determine its meaning (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223-224 [1996]).

Petitioner argues that she was disciplined without just cause (see Education Law § 3020 [1]), inasmuch as the CBA gave no

indication that Regulation A-101 could be used to determine the meaning of the term "student" in CBA art 21 (G) (6). This is unavailing. The Chancellor's Regulations were posted on the Board of Education Web site, and petitioner was on reasonable notice, under the objective circumstances, of a potential sexual misconduct claim.

Given that the Department of Education agreed at the outset of the proceedings before the arbitrator not to raise the question of whether the individual was a "minor" within the meaning of CBA art 21 (G) (6), Supreme Court erred in dismissing the petition on the ground that he was such a "minor." This Court, however, may rely on grounds advanced and determined in the original proceeding to support resolution of issues raised on the appeal (*see generally Menorah Nursing Home v Zukov*, 153 AD2d 13, 19 [1989]).

The penalty of terminating petitioner from her tenured position could not be construed as disproportionate to the challenged conduct, inasmuch as CBA art 21 (G) (6) explicitly called for "mandatory" termination in cases of sexual misconduct.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.