■ In the Matter of JOZEF LUCZAJ et al., Respondents, v TOMASZ BORTNIK, Chairman of the Polish & Slavic Federal Credit Union Board of Directors, et al., Appellants. [937 NYS2d 277]—

The petitioners are members of both an unincorporated voluntary association known as the Polish & Slavic Federal Credit

Union (hereinafter the Credit Union) and an entity known as the Civic Committee of Members of the Credit Union, which is not a member of the Credit Union. In January 2010, a petition signed by 1,693 members of the Credit Union (hereinafter the Special Petition) was submitted to the Board of Directors of the Credit Union (hereinafter the Board of Directors) requesting it to call and hold a special meeting of its membership. The Chairman of the Board of Directors rejected the Special Petition by letter dated February 11, 2010, on the ground that it wrongfully sought to remove duly elected members of the Board of Directors from office without proper notice and an opportunity to be heard, as required by the Credit Union bylaws.

The petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Board of Directors to call and hold a special meeting. In response, the Chairman and Board of Directors moved to dismiss the petition pursuant to CPLR 3211, arguing, inter alia, that the Credit Union was a voluntary unincorporated association which was not subject to jurisdiction under CPLR article 78.

By order dated March 4, 2011, the Supreme Court denied the motion to dismiss and directed the Credit Union to call and hold a special meeting within 30 days from the date of the March 4, 2011, order pursuant to Credit Union bylaws. The petitioners then moved to set a date certain for the meeting. By order dated April 19, 2011, the Supreme Court, inter alia, in effect, granted the petitioners' motion to set a date certain for the special meeting to the extent of directing the Credit Union to call and hold a meeting between June 20, 2011, and June 30, 2011.

A special proceeding under CPLR article 78 is available to challenge the action or inaction of agencies and officers of state and local government (*see Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d 83, 89 [2011]; *see also* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:1). The relief of mandamus is available to enforce membership rights which derive from corporate, rather than contractual, association status (*see Matter of Phalen v Theatrical Protective Union No. 1*, 22 NY2d 34, 39-40 [1968], *cert denied* 393 US 1000 [1968]; *Brasseur v Speranza*, 21 AD3d 297 [2005]; *Matter of Cullinan v Ahern*, 212 AD2d 103, 106-107 [1995]; *State Div. of Human Rights v New York State Dept. of Correctional Servs.*, 90 AD2d 51, 69 n 7 [1982]; *Matter of Weidenfeld v Keppler*, 84 App Div 235, 238 [1903], *affd* 176 NY 562 [1903]; *cf. Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d at 89).

The Chairman and the Board of Directors demonstrated that

the Credit Union was organized on September 30, 1976, as a commercial credit union pursuant to the Federal Credit Union Act. Accordingly, the motion to dismiss the CPLR article 78 petition should have been granted because the Credit Union is not subject to jurisdiction in a proceeding pursuant to CPLR article 78 and, therefore, the relief of mandamus, which is available in an article 78 proceeding, may not be imposed against it (*see Matter of Phalen v Theatrical Protective Union No. 1.*, 22 NY2d at 39-40; *Brasseur v Speranza*, 21 AD3d 297 [2005]; *Matter of Weidenfeld v Keppler*, 84 App Div at 238; *cf. Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d at 89). Since the motion to dismiss the petition should have been granted, the petitioners' subsequent motion to set a date certain for the special meeting must be denied.

The remaining contentions of the Chairman and the Board of Directors have been rendered academic in light of our determination. Mastro, A.P.J., Dillon, Sgroi and Miller, JJ., concur.