In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Education of Remsenburg-Speonk UFSD dated June 14, 2010, reclassifying the petitioner’s full-time position of employment as a part-time position, and to compel the Board of Education of Remsenburg-Speonk UFSD to reinstate the petitioner to her former full-time position, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), entered March 31, 2011, which denied the petition on the ground that primary jurisdiction over the dispute lies with the Commissioner of the New York State Department of Education, and dismissed the proceeding.
*1336 Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the petition in accordance herewith.
In a resolution dated June 14, 2010, the Board of Education of Remsenburg-Speonk UFSD (hereinafter the Board) determined that the petitioner’s full-time position as school psychologist within Remsenburg-Speonk UFSD (hereinafter the District), was to be reclassified as a part-time position, effective as of the commencement of the 2010-2011 school year. The petitioner alleged that the reclassification was undertaken in retaliation for various complaints she made regarding alleged hazardous health conditions in the school building in which she worked, and that the District, the Board, District Superintendent Katherine M. Salomone, and District Director of special education Janet A. Achilich (hereinafter collectively the respondents) were also improperly attempting to circumvent tenure rules by engaging the services of an outside contractor to undertake the job responsibilities that the petitioner had previously undertaken when she was employed full-time.
By administrative petitions dated May 19, 2010, July 13, 2010, and September 28, 2010, respectively, the petitioner appealed to the Commissioner of the New York State Department of Education (hereinafter the Commissioner) pursuant to Education Law § 310, challenging the respondents’ determination to reclassify her position as a part-time position. Thereafter, on October 8, 2010, the petitioner commenced this CPLR article 78 proceeding against the respondents to review the Board’s determination dated June 14, 2010, to compel the Board to reinstate the petitioner to her former full-time position, and to recover back pay and benefits. The petitioner alleged that the Board’s determination was made in retaliation for her “protected activity and speech of a public concern regarding health and safety issues, and was arbitrary, capricious, in bad faith and not taken for any proper purpose, including economy, efficiency or budgetary reasons.” The respondents answered the petition, asserting, as an affirmative defense, inter alia, that the Commissioner has primary jurisdiction over the issues raised in the CPLR article 78 petition.
The Supreme Court denied the petition and dismissed the instant proceeding, concluding that, pursuant to the doctrine of primary jurisdiction, the Commissioner has the specialized knowledge and expertise necessary to resolve the factual question of whether an independent contractor assumed some of the responsibilities of the tenured petitioner, and whether the *1337 respondents’ conduct in reclassifying the petitioner’s full-time position as a part-time position was undertaken in good faith. The petitioner appeals.
The Supreme Court erred in dismissing the proceeding based on the doctrine of primary jurisdiction. “The doctrine of primary jurisdiction provides that [wjhere the courts and an administrative agency have concurrent jurisdiction over a dispute involving issues beyond the conventional experience of judges . . . the court will stay its hand until the agency has applied its expertise to the salient questions” (Flacke v Onondaga Landfill Sys., 69 NY2d 355, 362 [1987] [internal quotation marks omitted]). “The doctrine . . . ‘applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views’ ” (Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 156 [1988], quoting United States v Western Pacific R. Co., 352 US 59, 64 [1956]).
Here, the crux of the petitioner’s threshold claim is that the reclassification or “excessing” of her employment from a full-time to a part-time position was undertaken in bad faith in that it was effected in retaliation for her engagement in a protected activity, in violation of the New York State Public Sector Whistleblower Law (Civil Service Law § 75-b). The petitioner contends that the respondents’ purported economic rationale was a fiction, and was not an issue within the Commissioner’s special competence. We agree that, in light of the nature of the petitioner’s claim, the Supreme Court should have retained jurisdiction to decide her claim of retaliation (see Matter of Verdon v Dutchess County Bd. of Coop. Educ. Servs., 47 AD3d 941 [2008]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings on that branch of the petition alleging that the reclassification of the petitioner’s position was undertaken in bad faith and, thus, constituted an abuse of discretion as a matter of law (see CPLR 7803 [3]; see generally Matter of Iannuzzi v Town of Brookhaven, 258 AD2d 651, 652 [1999]; Matter of Abbondandolo v Edwards, 174 AD2d 737 [1991]).
If the Supreme Court ultimately determines that the petitioner’s employment was reclassified in bad faith, she is entitled to reinstatement. If the Supreme Court ultimately determines that the petitioner’s position was not reclassified in bad faith, then it would be proper for the Supreme Court to refer the remaining *1338 issues raised by the petition to the Commissioner for determination of questions arising under Education Law § 3012, pursuant to the doctrine of primary jurisdiction. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.