▆ In the Matter of PATRICIA BENJAMIN, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [988 NYS2d 492]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 5, 2013, granting respondents' cross motion to deny the petition seeking to, among other things, remove petitioner's name from an "ineligible/inquiry list" maintained by respondent New York City Department of Education (DOE), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent DOE placed petitioner's name on the "ineligible/inquiry list" after her employment as a tenured school teacher was terminated following a disciplinary hearing pursuant to Education Law § 3020-a (*see Matter of Benjamin v New York City Bd./Dept. of Educ.*, 105 AD3d 677 [1st Dept 2013]). Pursuant to a DOE Chancellor regulation, entry on the list is an automatic consequence of termination and indicates that petitioner is ineligible for reemployment with the DOE absent express approval by the Chancellor.

Supreme Court properly found that the proceeding is time-barred, since it was commenced more than four months after petitioner received notice of the DOE's determination (*see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]; *see also* CPLR 217 [1]). Petitioner is deemed to be on notice of the DOE Chancellor regulation regarding automatic ineligibility for reemployment upon termination (*see Salamino v Board of Educ. of the City School Dist. of the City of N.Y.*, 85 AD3d 617, 618-619 [1st Dept 2011]), and therefore she was "aggrieved" for the purposes of the running of the statute of limitations upon notice of her termination in April 2011 (*see Biondo*, 60 NY2d at 834; *see also Matter of Johns v Rampe*, 23 AD3d 283, 284-285 [1st Dept 2005], *lv denied* 6 NY3d 715 [2006]). Accordingly, her commencement of this CPLR article 78 proceeding on or about October 23, 2012 was untimely.

The proceeding is also barred by the doctrine of collateral estoppel, insofar as petitioner seeks to re-litigate issues determined in a prior CPLR article 75 proceeding challenging the termination of her employment (*see Benjamin*, 105 AD3d 677). Indeed, petitioner's challenge to her placement on the ineligibility list is, for all intents and purposes, a challenge to her termination, which she already had a full and fair opportunity to litigate (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]).

We have considered petitioner's remaining contentions and

find them unavailing. Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.