■ In the Matter of CRAIG GOTTLIEB, Appellant, v CITY OF NEW YORK, Respondents. [10 NYS3d 542]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York City Office of Child Support Enforcement dated November 14, 2012, denying, in effect, the petitioner's request for a recalculation of the amount of child support debt owed by him, and action to recover damages for violation of the Fair Credit Reporting Act (15 USC § 1681 *et seq.*), intentional infliction of emotional distress, and gross negligence, and for an injunction, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (McDonald, J.), dated October 1, 2013, which denied the petition and dismissed the proceeding, and granted the respondents' motion, inter alia, pursuant to CPLR 3211 (a) to dismiss the causes of action alleging a violation of the Fair Credit Reporting Act, intentional infliction of emotional distress, gross negligence, and for an injunction.

Ordered that the order and judgment is affirmed, with costs.

On January 23, 2009, the wife of the petitioner/plaintiff (hereinafter the petitioner) filed a petition seeking, inter alia, child support from him. On February 24, 2009, a Support Magistrate entered a temporary order of support directing the petitioner to pay child support in the sum of $100 per week to his wife through the New York State Support Collection Unit (hereinafter the SCU), commencing on February 27, 2009. In an order dated July 7, 2009 (hereinafter the July 2009 order), entered upon consent, the petitioner was directed to pay the sum of $1,215 per month in combined child and spousal support, payable through the SCU, commencing on July 30, 2009. The July 2009 order further provided that the petitioner was "additionally responsible for the support so ordered from January 23, 2009 to July 30, 2009," and directed the petitioner to pay the sum of $8,440. The SCU was directed to "[c]redit all payments made [by the petitioner] since 1/23/2009 to reduce the retro amount."

In March 2012, the petitioner admittedly withheld payment

and, in April 2012, only remitted the sum of $50.79, based on his contention that he was owed a credit by the SCU for payments made by him between February 28, 2009, and July 30, 2009. Enforcement measures were taken by the New York City Human Resources Administration Office of Child Support Enforcement (hereinafter OCSE), including the issuance of restraining notices to two different financial institutions holding the petitioner's bank accounts. On October 9, 2012, the petitioner submitted a "Mistake of Fact" form to the SCU, claiming that his account was not in arrears and, instead, that he was "due a credit of $18.08." On November 14, 2012, the OCSE denied the petitioner's claim that the SCU "has made an error in the amount of child support debt that is owed," and determined that "there is an amount past-due and owing."

The petitioner commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination dated November 14, 2012, and action to recover damages for a violation of the Fair Credit Reporting Act (15 USC § 1681 et seq.), intentional infliction of emotional distress, and gross negligence, and to permanently enjoin the respondents/defendants (hereinafter the respondents) from reporting any derogatory information related to his support collection account to credit reporting agencies, and directing the respondents to take steps necessary to remove any derogatory information from his credit file at the credit reporting agencies. The respondents moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the petition/action.

A special proceeding under CPLR article 78 is available to challenge the actions or inaction of agencies and officers of state and local government (see Matter of Luczaj v Bortnik, 91 AD3d 872, 873 [2012]). The standard of judicial review in the instant matter is whether the administrative determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803 [3]; Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 739, 739 [2014]). An arbitrary determination is one that is without a sound basis in reason, and is made without regard to the facts (see Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).

Here, the determination of the OCSE to deny the petitioner's claim that the SCU erred in calculating the amount of past-due support owed by him has a rational basis in the record,

and was, thus, not arbitrary and capricious. The payment history for the petitioner's support collection account established that, at the time the petitioner submitted the "Mistake of Fact" form, his account was in arrears. Moreover, the payment history flatly contradicted the petitioner's claim that the payments made by him from February 2009 until July 2009 were not credited to his account (*see Matter of Kirkpatrick v Wambua*, 117 AD3d 739, 740 [2014]; *Ford v Department of Social Servs.*, 41 Misc 3d 1237[A], 2013 NY Slip Op 52045[U], *7-8 [Sup Ct, NY County 2013]; *Ward v NYC Human Resources Admin.*, 2011 NY Slip Op 33162[U] [Sup Ct, NY County 2011]; *Matter of Ovalles v New York City Human Resources Admin.*, 2008 NY Slip Op 33635[U], *2-4 [Sup Ct, NY County 2008]). Further, contrary to the petitioner's contention, the OCSE was authorized, upon determining that his account was in arrears, to attach and seize his assets for the purpose of collecting the overdue support obligation (*see* Social Services Law § 111-t; 18 NYCRR 346.11), and offset any refund of income tax by the amount of overdue support owed by him (*see* 42 USC § 666 [a] [3] [A]; Social Services Law § 111-b [7], [8]; 18 NYCRR 346.9). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The Supreme Court also properly granted the respondents' motion, inter alia, pursuant to CPLR 3211 (a) to dismiss the causes of action alleging violations of the Fair Credit Reporting Act, intentional infliction of emotional distress, gross negligence, and for an injunction. On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), all of the allegations in the pleading are deemed true and the petitioner is afforded the benefit of every favorable inference (*see Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead*, 93 AD3d 799, 800 [2012]). Although the facts pleaded are presumed to be true, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Riback v Margulis*, 43 AD3d 1023, 1023 [2007]).

The substance of the cause of action alleging a violation of the Fair Credit Reporting Act was, in essence, a challenge to the determination by the OCSE that the petitioner's account was in arrears, which authorized the OCSE, pursuant to Social Services Law §§ 111-b, 111-c and 111-t, to take enforcement action and report his arrears to the credit reporting agencies. This cause of action essentially constituted a request for relief pursuant to CPLR article 78, regardless of the form in which it was pleaded and, thus, was properly dismissed (*see Hertzel v Town of Putnam Val.*, 121 AD3d 641, 643-644 [2014]; *Kickertz v New York Univ.*, 110 AD3d 268, 272 [2013]).

"[P]ublic policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (*Lauer v City of New York*, 240 AD2d 543, 544 [1997]; *see Dillon v City of New York*, 261 AD2d 34, 41 [1999]). Here, the individual respondents were only sued in their official capacities. Therefore, the petitioner could not and did not state a cause of action against them for intentional infliction of emotional distress. Accordingly, that branch of the respondents' motion which was to dismiss this cause of action was properly granted.

Finally, the Supreme Court properly granted those branches of the respondents' motion which were to dismiss causes of action alleging gross negligence and for injunctive relief. Even if the allegations contained in the petition are assumed to be true, they do not state a cause of action to recover damages for gross negligence or supporting the issuance of a permanent injunction (*see Vilella v AT&T*, 35 Misc 3d 1224[A], 2012 NY Slip Op 50853[U], *10 [Sup Ct, NY County 2012]; *Josey v Sallie Mae, Inc.*, 2009 WL 2518643, *8, 2009 US Dist LEXIS 72157, *24-25 [SD NY, Aug. 17, 2009, No. 09 Civ. 4403 (SHS) (AJP)]). Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.