================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 41
In the Matter of Grant Springer,
          Appellant,
        v.
Board of Education of the City
School District of the City of
New York, et al.,
          Respondents.

          Michael J. DelPiano, for appellant.
          Devin Slack, for respondents.

DIFIORE, Chief Judge:

          The issue presented on this appeal is whether a tenured

school teacher who resigns from teaching, and then subsequently

applies and is hired to teach at another school, is automatically

- 1 -

entitled to tenure in the new position.  Specifically at issue in this determination is paragraph 29 of New York City Board of Education Chancellor's Regulation C-205 (C-205[29] or the Regulation).  The Regulation provides that a tenured teacher who resigns "remain[s] tenured," but requires the teacher to first submit a written request to withdraw his or her resignation, subject to a medical examination and the approval of the Chancellor.  We hold that a tenured teacher who resigns, and later seeks to return as a tenured teacher, must strictly comply with the regulation and submit a written request to withdraw his or her prior resignation.

I.

Petitioner was employed as a teacher in the catering license area at M288 - Food and Finance High School, located in Community School District No. 2 in Manhattan, beginning in September 2001.  In January 2011, after achieving tenure, petitioner voluntarily resigned to pursue a career as a corporate chef.  He had never been the subject of formal disciplinary charges nor had he ever received an annual rating of "unsatisfactory" prior to his resignation.  Several months later, petitioner decided to return to teaching.  After a stint as a substitute teacher, petitioner applied for full-time teaching positions in the summer of 2011.

In October 2011, petitioner was hired as a teacher in the catering license area at M415 - Wadleigh Secondary School for

- 2 -

the Performing and Visual Arts (Wadleigh), located in Community School District No. 3 in Manhattan. He was hired under his prior license and file number and at the same salary he received at the time of his resignation. Herma Hall, the principal of Wadleigh who hired petitioner, knew that he had resigned with tenure in January 2011.

During the 2011-2012 school year, Hall was replaced by a new principal, Tyee Chin. In April 2012, Chin informed petitioner that he believed petitioner did not have tenure. At that time, six months after his reinstatement, upon the advice of his union representative, petitioner submitted a form to withdraw his resignation. Respondents told petitioner that the form would not be processed because it was submitted too late. In May 2012, petitioner received a rating of "unsatisfactory" for the 2011-2012 school year. As a result, petitioner was terminated effective June 22, 2012. Prior to his termination, petitioner was not served with disciplinary charges in accordance with the procedures for removing a tenured teacher set forth in Education Law § 3020-a.

Petitioner never filed a grievance or other administrative proceeding related to the events detailed above. Instead, in October 2012, petitioner brought this CPLR article 78 proceeding against respondents. Petitioner argued that under paragraphs 28 and 29 of Chancellor's Regulation C-205, as well as the collective bargaining agreement (CBA) between the Board and

the teachers' union, he "was a tenured teacher upon his reappointment" and, therefore, "[r]espondents' decision to terminate his employment without just cause and without following the procedures" in Education Law § 3020-a was unlawful and "arbitrary and capricious, or an abuse of discretion." Petitioner sought reinstatement to his teaching position at Wadleigh and related relief.

Respondents cross-moved to dismiss the petition, contending, among other things, that the petition failed to state a cause of action and that petitioner failed to exhaust his administrative remedies. Supreme Court granted the cross motion, denied the petition, and dismissed the proceeding, concluding that the petition was "premature for failure to exhaust administrative remedies." Petitioner appealed.

The Appellate Division unanimously affirmed, but on a different ground (121 AD3d 473 [1st Dept 2014]). The court concluded that "[t]here is no question that petitioner failed to comply with . . . C-205(28) and C-205(29), which govern withdrawal of a resignation and restoration to tenure. Hence, when petitioner was rehired by a principal, his tenure was not ipso facto restored" (id. at 473-474). That same panel granted the portion of petitioner's subsequent motion seeking leave to appeal to this Court, certifying the following question of law: "Was the [Appellate Division] order . . . properly made." We now affirm.

- 4 -

II.

Pursuant to Education Law § 2590-h, the Chancellor has the authority to promulgate regulations "necessary or convenient" to the administration of the public school system (Education Law § 2590-h [16]). Relevant to this appeal, paragraph 28 of Chancellor's Regulation C-205, entitled "Withdrawal of Resignation Generally," describes the general procedure for withdrawing a resignation. Paragraph 29 of Chancellor's Regulation C-205, entitled "Withdrawal of Resignation Within Five Years by Tenured Staff," describes the procedure for the withdrawal of resignation by tenured teachers to permit them to return to teaching with tenure.

There is no dispute that petitioner was a tenured teacher upon his resignation in January 2011; the question is whether, upon his hire at a new school in October 2012, he was reinstated with tenure. C-205(29) provides, in relevant part:

> "[A] non-supervisory pedagogical employee who had attained permanent tenure prior to the date of resignation shall, remain tenured and, upon written request, be permitted to withdraw such resignation subject only to medical examination and the approval of the Chancellor, provided that reinstatement is made on or before the opening of school in September next following five years after the effective date of resignation. If reinstatement is made after this date, a two year probationary period will be required."

By its very terms, C-205(29) provides that a tenured teacher who has resigned may avoid a probationary term in a new position by submitting a "written request" to withdraw the prior

resignation. That request will be "subject only to medical examination and the approval of the Chancellor," so long as reinstatement is made in accordance with the timing requirements set forth in the Regulation. The CBA between the Board and the teachers' union contains a parallel provision.

Petitioner argues that he complied with the requirements of the Regulation when he applied in writing for various teaching positions. He maintains that when the Board rehired him in October 2011, within five years of his prior resignation, the Board effectively accepted the withdrawal of his resignation. Therefore, petitioner submits that he was a tenured teacher at the time of his termination in June 2012 and that the Board violated his due process rights by failing to provide him with the procedural protections required by Education Law § 3020-a.

According to respondents, petitioner ignores the important role of the written request for withdrawal, most notably the Chancellor's role in the process. By virtue of the written request, the Chancellor is afforded the opportunity to assess the teacher's work history and competence and may reject a request to withdraw a resignation. Further, the procedure permits important hiring information to be conveyed to a hiring principal, including the fact that the teacher would have full tenure rights in the teacher's new position.

### III.

The tenets of statutory construction apply equally to administrative rules and regulations (Matter of Cortland-Clinton, Inc. v New York State Dept. of Health, 59 AD2d 228, 231 [4th Dept 1977]). We construe the Regulation in accordance with its plain language (see Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 107 [1997]). By its plain terms, C-205(29) requires submission of a written request for withdrawal of resignation prior to a teacher's reinstatement with tenure. "It is an accepted rule that all parts of a statute are intended to be given effect and that a statutory construction which renders one part meaningless should be avoided" (Rocovich v Consol. Edison Co., 78 NY2d 509, 515 [1991]). If, as petitioner argues, post-resignation application and hiring alone were sufficient to withdraw a prior resignation, then the language of the regulation requiring "written request . . . subject only to medical examination and the approval of the Chancellor," would have no meaning. C-205(29)'s provision that a written request be subject to the Chancellor's approval gives the Chancellor the opportunity to reject a request to withdraw a resignation. Under petitioner's theory, the Chancellor's role in the process is entirely eliminated. Petitioner's interpretation of the Regulation is not in keeping with its plain language.

Because petitioner did not withdraw his resignation through the mechanism of a written request, the requirements of C-205(29) were not met and petitioner was not reinstated with

- 7 -

tenure.

This result does not minimize the public policy interests that have prompted this Court to "construe the tenure system broadly in favor of the teacher, and to strictly police procedures which might result in the corruption of that system" (Ricca v Board of Educ. of City School Dist. of City of N.Y., 47 NY2d 385, 391 [1979]; see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 454 [1993]). Nor does it undermine this Court's recognition that a tenured teacher has a "protected property interest in [his or] her position" and right to retain that position absent discharge in accordance with Education Law § 3020-a (Gould, 81 NY2d at 451). As we have also recognized, a teacher may "relinquish [his or] her tenured rights . . . voluntarily by resigning" (id.). C-205(29) contains the procedural requirements for a teacher who has voluntarily resigned from a tenured teaching position to be reinstated with tenure. Petitioner does not challenge the validity or constitutionality of the Regulation itself, but argues only that he complied with the Regulation by submitting applications for jobs and being hired to a new position. He did not. Absent a written request to withdraw his resignation, a request subject to the Chancellor's approval, petitioner failed to meet the requirements of C-205(29) for reinstatement with tenure.

We do not address the effect of petitioner's April 2012 written request to withdraw his resignation, which he submitted

six months after he was hired at Wadleigh.  Any argument related to that request is not before the Court in this proceeding.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question not answered as unnecessary.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, and certified question not answered upon the ground that it is unnecessary.  Opinion by Chief Judge DiFiore.  Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided April 5, 2016