■ In the Matter of RONALD HOLLANDER, Respondent, v SUF-FOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, CHILD SUPPORT ENFORCEMENT BUREAU, Appellant, et al., Respondent. [34 NYS3d 489]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Social Services, Child Support Enforcement Bureau, dated April 20, 2012, which, in effect, denied the petitioner's request to recalculate the amount of child support arrears owed by him, the appeal is from a judgment of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated May 6, 2014, which, upon a decision of the same court dated March 21, 2014, granted the petition, annulled the determination, and directed that the petitioner's child support account reflect that the total amount of arrears owed is $7,974.41 as of November 11, 2011.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Between 1990 and 1995, four money judgments were entered against the petitioner in favor of his former spouse, Irene Highbloom, for unpaid child support arrears. Each of the judgments provided that interest would accrue "at the prevailing rate of interest on judgments as provided in the Civil Practice Law and Rules," 9% per annum (*see* CPLR 5004). The earliest of the judgments, entered in January 1990, was for the principal amount of $115,200.

The petitioner made payments toward satisfaction of the judgment arrears to the Suffolk County Support Collection Unit (hereinafter the SCU) between 1990 and 2011 in weekly or monthly increments. The petitioner was furnished with summaries of his support account reflecting the credit to his account and the outstanding balance. As of August 2011, his ac-

count summary indicated that he owed a total of $8,476.29 in arrears, including an interest charge of $42.31.

Thereafter, the petitioner received a support account summary indicating that, as of December 31, 2011, he owed $254,611.67 in arrears, including an interest charge of $244,253.10. The petitioner filed a "Mistake of Fact" application with the Suffolk County Department of Social Services, Child Support Enforcement Bureau (hereinafter the CSEB), contending that the SCU had made a mistake in its calculation of the interest on his account and demanding a formal accounting. In a determination dated April 20, 2012, the CSEB, after conducting an audit of the petitioner's account, found that the petitioner owed $256,853.99 in child support arrears as of April 8, 2012, and, in effect, denied his request to recalculate his arrears. The audit revealed, among other things, that the CSEB had neglected to calculate the interest accruing on the money judgments prior to December 2011.

The petitioner commenced this CPLR article 78 proceeding against the CSEB and Highbloom to annul the CSEB's April 20, 2012, determination as arbitrary and capricious and for a judgment fixing his support arrears at $7,947.41, inclusive of interest, as of November 30, 2011. The petitioner argued, inter alia, that the CSEB should be estopped from attempting to collect interest on the money judgments, and that it waived its ability to collect the interest as a result of its delay in calculating the judgment interest and mishandling of his account. The Supreme Court granted the petition, and the CSEB appeals.

"A special proceeding under CPLR article 78 is available to challenge the actions or inaction of agencies and officers of state and local government" (*Matter of Gottlieb v City of New York*, 129 AD3d 724, 725 [2015]; *see Matter of Luczaj v Bortnik*, 91 AD3d 872, 873 [2012]). The standard of judicial review is whether the administrative determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Gottlieb v City of New York*, 129 AD3d at 725; *Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal*, 122 AD3d 739, 739 [2014]). "An arbitrary determination is one that is without a sound basis in reason, and is made without regard to the facts" (*Matter of Gottlieb v City of New York*, 129 AD3d at 725; *see Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). " '[I]f the court finds

that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency' " (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]).

Here, we agree with the CSEB that the Supreme Court erred in concluding that its April 20, 2012 determination was arbitrary and capricious. The CSEB submitted proof of entry of each of the money judgments, an explanation of the accumulation of statutory interest upon the judgments, and documentation detailing the amount of the petitioner's child support arrears, his payment history, and the manner in which his payments were apportioned toward his child support arrears. Given the rational and factual basis for the CSEB's determination, it must be sustained (*see Matter of Gottlieb v City of New York*, 129 AD3d at 725; *Matter of Kirkpatrick v Wambua*, 117 AD3d 739, 740 [2014]). The CSEB's delay in calculating the interest accruing on the money judgments and its otherwise gross mishandling of the petitioner's support account does not prevent the accumulation or collection of judgment interest imposed by statute and does not constitute a waiver of the CSEB's authority to collect the accumulated interest (*see* CPLR 5003; *Matter of Nissim Y. v Commissioner of Social Servs.*, 77 AD3d 480 [2010]). Moreover, the petitioner failed to establish that the CSEB should be estopped from collecting interest on the judgments (*see Matter of County of Orange [Al Turi Landfill, Inc.]*, 75 AD3d 224, 238 [2010]).

The petitioner's remaining contentions are without merit. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.