■ In the Matter of WAYNE CRAWFORD JEFFERSON, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [44 NYS3d 535]—

In a proceeding pursuant to CPLR article 78 to compel the respondent to reinstate the petitioner's New York City teaching license, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Butler, J.), entered August 3, 2015, as, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner was employed by the New York City Department of Education, sued herein as the New York City Board of Education (hereinafter the DOE), as a teacher until he retired on October 27, 2014. At the time he retired, charges were pending against him pursuant to Education Law § 3020-a. Pursuant to paragraph 24 of New York City Board of Education

Chancellor's Regulation C-205, the petitioner's New York City teaching license was permanently terminated since charges were pending against him pursuant to Education Law § 3020-a at the time he retired. The petitioner was apprised of the termination of his license by an attorney from his union.

The petitioner commenced this proceeding pursuant to CPLR article 78 to compel the DOE to reinstate his teaching license. The DOE moved to dismiss the petition. The Supreme Court, in effect, denied the petition and dismissed the proceeding, and denied the motion as academic. The petitioner appeals.

"A special proceeding under CPLR article 78 is available to challenge the actions or inaction of agencies and officers of state and local government" (*Matter of Gottlieb v City of New York*, 129 AD3d 724, 725 [2015]; *see Matter of Hollander v Suffolk County Dept. of Social Servs., Child Support Enforcement Bur.*, 140 AD3d 1064, 1065 [2016]). When a petitioner challenges an administrative determination that was not made after a quasi-judicial hearing, the court must consider whether the determination was made in violation of lawful procedure, affected by an error of law, or arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Gottlieb v City of New York*, 129 AD3d at 725; *Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal*, 122 AD3d 739, 739 [2014]). A determination is arbitrary and capricious when it is without sound basis and reason and generally taken without regard to the facts (*see Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Gottlieb v City of New York*, 129 AD3d at 725).

"Pursuant to Education Law § 2590-h, the Chancellor has the authority to promulgate regulations 'necessary or convenient' to the administration of the public school system" (*Matter of Springer v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 27 NY3d 102, 106 [2016]). "The tenets of statutory construction apply equally to administrative rules and regulations" (*id.* at 107). Such regulations should be construed in accordance with their plain language (*see id.*; *see also Matter of Vaccaro v Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 139 AD3d 612 [2016]; *Matter of Brennan v City of New York*, 123 AD3d 607 [2014]).

Here, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding since the plain language of paragraph 24 of New York City Board of Education Chancel-

lor's Regulation C-205 provides that a New York City teaching license shall be permanently terminated if the license holder retires while charges are pending pursuant to Education Law § 3020-a. The petitioner's contention that he was unaware of this regulation, which was issued on September 5, 2000, and posted online on the DOE's website, is unavailing, as he was "deemed to be on notice of the DOE Chancellor regulation[s]" (*Matter of Benjamin v New York City Dept. of Educ.*, 119 AD3d 440, 441 [2014]; *see Salamino v Board of Educ. of the City School Dist. of the City of N.Y.*, 85 AD3d 617, 619 [2011]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.