Matter of Razzano v Remsenburg-Speonk UFSD (2018 NY Slip Op 04734)





Matter of Razzano v Remsenburg-Speonk UFSD


2018 NY Slip Op 04734


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-01159
 (Index No. 37607/10)

[*1]In the Matter of Janice Razzano, appellant,
v
Remsenburg-Speonk UFSD, et al., respondents.


Wolin & Wolin, Jericho, NY (Alan E. Wolin of counsel), for appellant.
Guercio & Guercio, LLP, Farmingdale, NY (Kelly A. Reape of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Board of Education of Remsenburg-Speonk UFSD dated June 14, 2010, reclassifying the petitioner's full-time position of employment as a part-time position, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated November 5, 2015. The judgment, after a hearing, inter alia, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In a resolution dated June 14, 2010, the Board of Education of Remsenburg-Speonk UFSD (hereinafter the Board) determined that the petitioner's full-time position as a school psychologist within the Remsenburg-Speonk UFSD (hereinafter the District) was to be reclassified as a part-time position, effective as of the commencement of the 2010-2011 school year. The petitioner commenced this CPLR article 78 proceeding, inter alia, to annul the Board's determination and for reclassification of her position as full-time, alleging that the reclassification was undertaken in retaliation for various complaints she made regarding allegedly hazardous health conditions in the school building in which she worked. The petitioner further alleged that the respondents were improperly attempting to circumvent tenure rules by engaging the services of an outside contractor to perform the job responsibilities that the petitioner had previously performed when she was employed full time.
In addition to commencing this proceeding, the petitioner, by three administrative petitions in 2010, appealed to the Commissioner of the New York State Department of Education (hereinafter the Commissioner of Education) pursuant to Education Law § 310, challenging the respondents' determination to reclassify her position as a part-time position. In the respondents' answer to the petition in this proceeding, they argued, inter alia, that the petition should be dismissed pursuant to the doctrine of primary jurisdiction. The Supreme Court agreed and dismissed the proceeding. The petitioner appealed to this Court and we reversed, finding that "the crux of the petitioner's threshold claim is that the reclassification . . . of her employment from a full-time to a part-time position was undertaken in bad faith in that it was effected in retaliation for her engagement in a protected activity, in violation of the New York State Public Sector Whistleblower Law (Civil Service Law § 75-b)" (Matter of Razzano v Remsenburg-Speonk UFSD, 95 AD3d 1335, 1337). Therefore, we remitted this matter to the Supreme Court, Suffolk County, in order for that court to consider the petitioner's "claim of retaliation" (id. at 1337). We further instructed the court that, if it "ultimately determines that the petitioner's position was not reclassified in bad faith, then it would be proper for the Supreme Court to refer the remaining issues raised by the petition to the Commissioner [of Education] for determination of questions arising under Education Law § 3012, pursuant to the doctrine of primary jurisdiction" (id. at 1337-1338).
Upon remittal, the Supreme Court conducted a nonjury pursuant to CPLR 7804(h) to determine whether the reclassification of the petitioner's position was made in bad faith and whether the respondents' actions violated Civil Service Law § 75-b. Following the trial, the court found that the determination was made in good faith and was motivated by valid budget concerns. Accordingly, the court denied the petition and dismissed the proceeding and, in accordance with this Court's decision in the prior appeal, referred certain remaining issues raised by the petition to the Commissioner of Education. The petitioner appeals.
"A special proceeding under CPLR article 78 is available to challenge the actions or inaction of agencies and officers of state and local government" (Matter of Gottlieb v City of New York, 129 AD3d 724, 725; see Matter of Jefferson v New York City Bd. of Educ., 146 AD3d 779, 780; Matter of Hollander v Suffolk County Dept. of Social Servs., Child Support Enforcement Bur., 140 AD3d 1064, 1064). When a petitioner challenges an administrative determination that was not made after a quasi-judicial hearing, the court must consider whether the determination was made in violation of lawful procedure, affected by an error of law, or arbitrary and capricious (see CPLR 7803[3]; Matter of Jefferson v New York City Bd. of Educ., 146 AD3d at 780; Matter of Gottlieb v City of New York, 129 AD3d at 725). A determination is arbitrary and capricious when it is without sound basis and reason and generally taken without regard to the facts (see Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280; Matter of Pell v Bd. of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). "In demonstrating that administrative actions were taken arbitrarily or in bad faith, the petitioner bears a heavy burden of proof, for which conclusory allegations and speculative assertions will not suffice" (Matter of Harpur v Cassano, 129 AD3d 964, 965; see Matter of Linney v City of Plattsburgh, 49 AD3d 1020, 1021; Matter of Crow v Ambach, 96 AD2d 642, 642; Matter of Christian v Casey, 76 AD2d 835, 836).
Here, we agree with the Supreme Court's conclusion that the Board's determination to reclassify the petitioner's position was based on valid budget concerns and was not made in bad faith or to retaliate for the petitioner's complaints about the dangers that the school building allegedly posed to human health and safety. The evidence reflected that the petitioner's complaints [*2]about the school building were unfounded, but that the respondents still made consistent good-faith efforts to address her complaints and to provide reasonable accommodations for the petitioner's alleged health issues. In addition, the court providently credited testimony presented by a witness for the respondents, which established that in preparing the budget for the 2010-2011 school year, the Board was faced with significant pressure to reduce expenditures for school personnel. Upon reviewing the petitioner's schedule for the 2010-2011 school year, the Board determined that, given the number of students she would be counseling and the amount of time she needed to perform her other responsibilities, there was no longer a need for her to continue on a full-time basis. School districts have wide discretion within the law to manage their affairs efficiently and effectively and this includes the right to reduce and abolish even tenured positions for economic reasons (see Matter of Young v Board of Educ. of Cent. School Dist. No. 6, Town of Huntington, 35 NY2d 31, 34; Matter of DiPiazza v Board of Educ. of Comsewogue Union Free School Dist., 214 AD2d 729, 730; Matter of Ryan v Ambach, 71 AD2d 719, 719-720; Smith v Helbraun, 21 AD2d 830, 830). Accordingly, we agree with the court's determination, inter alia, to deny the petition and dismiss the proceeding.
To the extent there are remaining issues raised by the petition regarding Education Law § 3012, these questions were properly referred to the Commissioner of Education pursuant to the doctrine of primary jurisdiction, in accordance with our prior decision (see Matter of Razzano v Remsenburg-Speonk UFSD, 95 AD3d at 1337-1338).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court